# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZYA CORUJO CANTER,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. 14CV2939-MMA (MDD)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Doc. No. 15]<br><br>**DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Doc. No. 16] |

Plaintiff Azya Corujo Canter moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure[1] 15(a)(2) and also moves to strike certain affirmative defenses from Defendant Midland Credit Management's Answer pursuant to Rule 12(f). *See* Doc. Nos. 15, 16. The matters have been fully briefed. *See* Doc. Nos. 18, 21, 24, 25. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint and **DENIES** Plaintiff's motion to strike.

---

[1] All references to Rule are to the Federal Rules of Civil Procedure unless otherwise noted.

## BACKGROUND[2]

On August 18, 2014, Plaintiff Ayza Corujo Canter filed this action against Defendant Midland Credit Management, Incorporated in the Southern District of Florida. Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* On September 24, 2014, the court issued a pretrial scheduling order setting a deadline of November 3, 2014 for joinder of additional parties and to amend pleadings. *See* Doc. No. 12. On September 26, 2014, Defendant filed an Answer and twelve affirmative defenses. *See* Doc. No. 14.

On October 14, 2014, Plaintiff filed the instant motion for leave to amend her complaint. Plaintiff seeks to add Steven M. Canter, an individual, as a named party Plaintiff. Plaintiff alleges that since filing the complaint, she has determined that Defendant made telephone calls to both her cell phone as well as Mr. Canter's phone. On October 17, 2014, Plaintiff filed the instant motion to strike seven of Defendant's affirmative defenses on the grounds that they are mere denials, conclusory, or insufficient as a matter of law.

This action has since been transferred from the Southern District of Florida to this Court for coordinated or consolidated pretrial proceedings in MDL No. 2286, *In re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation. See* Doc. Nos. 29, 30.

## LEGAL STANDARDS

**A.    Motion for Leave to Amend under Rule 15(a)**

Pursuant to Rule 15(a), the court should grant leave to amend a pleading as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ.

---

[2] In light of the Federal Judicial Panel on Multidistrict Litigation's ("JPML") guidance on managing multidistrict litigation, the Court assumes the reader has knowledge of the underlying facts and legal issues, and therefore intentionally keeps this background section brief. *See, e.g.,* Managing Multidistrict Litigation in Products Liability Cases: a Pocket Guide for Transferee Judges 19–20 (2011).

P. 15(a)(1). After that point, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

However, "[l]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "Not all of the factors merit equal weight. . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This is because "[p]rejudice is the touchstone of the inquiry under Rule 15(a)." *Id.* Thus, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

**B.     Motion to Strike under Rule 12(f)**

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). For purposes of this rule, "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations and citations omitted). To show that a defense is insufficient, "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Secs. & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp 2d 1101, 1152 (C.D. Cal. 2003). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Wright & Miller*, Federal Practice and Procedure: Civil 3d § 1381, pp. 421–25. Ultimately, the decision about whether to strike allegations rests within the district court's discretion, and courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Leduc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

## DISCUSSION

### A. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks leave to file an amended complaint in order to add Steven M. Canter, an individual, as a named party Plaintiff. Plaintiff alleges that since filing the complaint, she has determined that Defendant made telephone calls to both her cell phone as well as Mr. Canter's cell phone. Notably, Defendant does not assert—and there is nothing before the Court to suggest—that Plaintiff's proposed amendment would cause Defendant undue prejudice, create undue delay, is sought in bad faith, or would be futile. Instead, Defendants argues that Plaintiff's proposed amendment is improper under Rule 20(a) because Mr. Canter's right to relief does not arise out of the same transaction or occurrence. The Court finds this argument unavailing.

Rule 20(a) allows joinder of additional plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ.

P. 20(a)(1).³ Defendant argues that because Plaintiff and Mr. Canter are not listed on the same account, any alleged violation would involve separate and distinct telephone numbers and time periods. However, as Plaintiff correctly points out, Plaintiff's proposed amendment alleges that Defendant made approximately fifty identical calls to both Plaintiff and Mr. Canter's cellular telephones in connection with an attempt to collect an alleged debt. Thus, the Court finds that Plaintiff's proposed amendment alleges a "series of transactions" based on Defendant's purported violations, and Rule 20 does not bar Plaintiff's proposed addition of Mr. Canter. *See Blair v. CBE Grp. Inc.*, No. 13cv134, 2013 WL 5677 026, at *6 (S.D. Cal. Oct. 17, 2013).

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.

**B.    Plaintiff's Motion to Strike Certain Affirmative Defenses**⁴

Plaintiff also moves to strike Defendant's second, ninth, tenth, and eleventh affirmative defenses on the grounds that they merely deny Plaintiff's allegations in the complaint. Defendant contends that the Court should find the affirmative defenses valid at this early stage in the litigation, and therefore deny the motion to strike.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979). To constitute an affirmative defense under Rule 8(c), the defense "precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.

---

³ Here, Defendant does not dispute that the proposed addition of Mr. Canter meets the second element regarding a common question of law or fact.

⁴ Defendant has agreed to withdraw its fourth and twelfth affirmative defenses and also to remove the sentence in the second affirmative defense regarding an April 4, 2014 communication. Plaintiff has agreed to withdraw her challenge to Defendant's eighth affirmative defense. Accordingly, Plaintiff's only remaining challenges are with respect to Defendant's second, ninth, tenth, and eleventh affirmative defenses.

1  Supp. 2d 1167, 1173–74 (N.D. Cal. 2010) (internal citation omitted).  "An attack on
2  a plaintiff's case-in-chief is not an affirmative defense." *Vogel v. Huntington Oaks*
3  *Delaware Partners*, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013).  However,
4  "[m]otions to strike a defense as insufficient are not favored by the federal courts
5  because of their somewhat dilatory and often harassing character.  Thus, even when
6  technically appropriate and well-founded, Rule 12(f) motions often are not granted
7  in the absence of a showing of prejudice to the moving party." *Wright & Miller*,
8  Federal Practice and Procedure: Civil 3d § 1381, pp. 421–25; *see also Platte Anchor*
9  *Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ("Some courts
10 also refuse to grant Rule 12(f) motions unless prejudice would result to the moving
11 party from denial of the motion.").
12      Upon reviewing Defendant's second, ninth, tenth, and eleventh affirmative
13 defenses, the Court finds that they provide Plaintiff with fair notice.  Even if they are
14 not accurately characterized as "affirmative" defenses, Plaintiff does not
15 contend—and there is nothing before the Court to suggest—that she will suffer any
16 prejudice from denial of this motion.  Accordingly, the Court declines to strike
17 Defendant's affirmative defenses at this early stage in the litigation. *See, e.g.,*
18 *Harris v. Chipotle Mexican Grill, Inc.*, No. 13cv2472, — F.R.D. —, 2014 WL
19 5035952, at *2 (E.D. Cal. Oct. 7, 2014) ("Regardless of whether or not these
20 defenses are properly characterized as 'affirmative,' the court will deny plaintiffs'
21 motion to strike them because plaintiffs have failed to show they will suffer any
22 prejudice if the defenses are left in the defendants' Answer.").  The Court therefore
23 **DENIES** Defendant's motion to strike and also denies Plaintiff's request for leave to
24 file a reply to Defendant's Answer.
25 //
26 //
27 //
28 //

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint and **DENIES** Plaintiff's motion to strike.

**IT IS SO ORDERED.**

DATED: February 19, 2015

*[signature]*

Hon. Michael M. Anello
United States District Judge